UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH L. MACK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SOCIAL SECURITY POLICE, et al.,<br><br>　　　　　Defendants. | No.  2:16-cv-0657 GEB GGH PS<br><br><br><br>ORDER |

　　　　Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6         A complaint must contain more than a "formulaic recitation of the elements of a cause of

7    action;" it must contain factual allegations sufficient to "raise a right to relief above the

8    speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9    "The pleading must contain something more...than...a statement of facts that merely creates a

10   suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

11   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

12   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

13   v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

14   S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15   the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

16   Id.

17         Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92

18   S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

19   Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

20   proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

21   See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

22         The complaint alleges that plaintiff was assaulted, verbally harassed, and humiliated in a

23   Social Security Administration office by "Social Security Police," and that they took her dirty

24   underclothes out of her carts.  Plaintiff has not stated the date(s) when this action allegedly

25   occurred.  The complaint names the Federal Police as an additional defendant.  Plaintiff seeks

26   monetary damages.

27         The court is unable to determine a jurisdictional basis for this action.  A federal court is a

28   court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution

and by Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994). U.S. Const. Art. III, § 1 provides that the judicial power of the United States is vested in the Supreme Court, "and in such inferior Courts as the Congress may from time to time ordain and establish." Congress therefore confers jurisdiction upon federal district courts, as limited by U.S. Const. Art. III, § 2. See Ankenbrandt v. Richards, 504 U.S. 689, 697-99, 112 S. Ct. 2206, 2212 (1992). Lack of subject matter jurisdiction may be raised at any time by either party or by the court. See Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Statutes which regulate specific subject matter may also confer federal jurisdiction. See generally, W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 2:5. Unless a complaint presents a plausible assertion of a substantial federal right, a federal court does not have jurisdiction. See Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1945). A federal claim which is so insubstantial as to be patently without merit cannot serve as the basis for federal jurisdiction. See Hagans v. Lavine, 415 U.S. 528, 537-38, 94 S. Ct. 1372, 1379-80 (1974).

For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff's state citizenship must be diverse from each defendant, and the amount in controversy must exceed $75,000. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a jurisdiction statute. Baker v. Carr, 369 U.S. 186, 198, 82 S. Ct. 691, 699-700, 7 L. Ed. 2d 663 (1962).

Under the section in the form complaint calling for basis of federal question jurisdiction, plaintiff states only: "discrimination humiliation personaly assaulted by Social Security and Federal Police intimadation bias attitude words and actions." [Sic]. (ECF No. 1 at 4.) Because plaintiff has failed to allege a federal basis for jurisdiction, the complaint must be dismissed with leave to amend.

To the extent that plaintiff references tortious acts by others, including assault and battery

(ECF No. 1 at 5), such torts must be brought under the Federal Tort Claims Act ("FTCA"), which requires that such claims be administratively exhausted. The FTCA waives the sovereign immunity of the United States for actions in tort.  The FTCA also provides that before an individual can file an action against the United States in district court, she must seek an administrative resolution of the claim. 28 U.S.C. § 2675(a) provides, in relevant part,

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligence or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

Here, plaintiff has not alleged that she submitted an administrative tort claim before bringing this action. Furthermore, the United States is the only proper defendant in an FTCA action. 28 U.S.C. § 1346(b); Lance v. United States, 70 F.3d 1093, 1095 (9th Cir.1995).  Therefore, on amendment, plaintiff should not allege any tort claims unless she can show she administratively exhausted them, and names the United States as a defendant.  The complaint names only doe officers.  Doe pleading in the federal courts is not favored as a general rule.  Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  Therefore, plaintiff must name each defendant in her amended complaint.

Furthermore, various torts are excepted from the United States' consent to suit.  The "United States maintains its sovereign immunity for '[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process' and other enumerated intentional torts.  28 U.S.C. §§ 1346(b)(1), 2680(h)." Gatling v. United States, 2016 WL 147920, at *3 (D. Ariz. Jan. 13, 2016).  In order for the United States to waive its sovereign immunity for intentional torts under the FTCA, the acts must be alleged to have been committed by "investigative or law enforcement officers of the United States Government" which "means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h).  The fact that defendants may be federal employees does not necessarily qualify them as federal law enforcement officers within the meaning of the FTCA.  If plaintiff can show she has met the administrative exhaustion

4

requirements, on amendment she must also make a showing that defendants meet the FTCA definition of law enforcement officers.

Nor has plaintiff demonstrated an entitlement to a recognized Bivens-type remedy (Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), authorizing a limited range of suits against federal officials for violation of an individual's federal constitutional rights).

> [A] Bivens action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." Daly–Murphy v. Winston, 837 F.2d 348, 355 (9th Cir.1987). This is because a Bivens suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity. Nurse v. United States, 226 F.3d 996, 1004 (9th Cir.2000).

Consejo de Desarrollo etc. v. United States, 482 F.3d 1157, 1173 (9th Cir.2007).  Plaintiff has failed to name any defendants thus far.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved, and provide the date(s) of any such occurrences.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir.1997), *overruled in part on other grounds*, Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  Once plaintiff files an amended complaint, the original pleading no longer serves an operative function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within **twenty-eight (28)** days from the date of service of this Order. The amended complaint must comply with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint;" failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

Dated: June 1, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Mack0657.amd